**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ROY E. DAVIS,                                                                          PETITIONER
ADC #63673

v.                                               5:14CV00045-DPM-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                       RESPONDENT

<u>**PROPOSED FINDINGS AND RECOMMENDATIONS**</u>

<u>**INSTRUCTIONS**</u>

The following recommended disposition has been sent to United States District Judge D. P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Pending before the Court is Mr. Davis's Petition for Writ of Habeas Corpus (Doc. No. 2) pursuant to 28 U.S.C. § 2254.

## I.    BACKGROUND

On March 28, 1988, Mr. Davis was convicted by a Pulaski County jury of murder in the first degree and was sentenced, as an habitual offender, to life in the Arkansas Department of Correction. (Doc. No. 2 at 16.) No direct appeal was sought at that time. In February 1990, Mr. Davis filed a motion for belated appeal, which was denied as untimely.  *State v. Davis,* 1990 WL 89385, CR 90-24 (Ark. Sup. Ct. June 25, 1990).  Mr. Davis then filed a Rule 37 petition pursuant to the Arkansas Rules of Criminal Procedure.  The circuit denied his petition and the Arkansas Supreme Court affirmed the denial. *Davis v. State,* 1991 WL 31173, CR 90-288 (Ark. Sup. Ct. March 4, 1991).

Mr. Davis filed the instant Petition for Writ of Habeas Corpus on February 11, 2014 (Doc. No. 2), challenging his 1988 conviction of first degree murder.  This is Mr. Davis's third request for habeas relief from the same 1988 conviction. See *Davis v. Lockhart,* 5:91CV00392-HW and *Davis v. Norris,* 5:96CV00629-SMR.

On April 29, 1997, the U.S. District Court adopted the recommended disposition and

dismissed Mr. Davis's successive petition without prejudice. (*Davis v. Norris,* 5:96CV00629-SMR, Doc. No. 9.)  On June 7, 1999,  the United States Court of Appeals for the Eighth Circuit denied Mr. Davis authorization to file a successive habeas petition. (*Id.,* Doc. No. 15.)

     In the instant case, Mr. Davis has failed to obtain permission from the United States Court of Appeals for the Eighth Circuit pursuant 28 U.S.C. 2244(b)(3)(A). Therefore, this Court is without jurisdiction to consider Mr. Davis's claims and his Petition (Doc. No. 2) should be dismissed without prejudice.

## II.   DISCUSSION

     Under 28 U.S.C. 2244(b)(3), petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011).  Without an order from the court of appeals authorizing the filing of a successive petition, the district court lacks jurisdiction to hear the petition. *Brown v. Stewart,* 549 U.S. 147, 152-53, 157 (2007). Further, the court of appeals can authorize the  filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. 2244(b)(2).

     Summary dismissal of a habeas corpus petition - prior to any answer or other pleading being filed by the State - is appropriate where the petition itself and court records show that the petition is a second or successive petition filed without authorization from the court of appeals.  Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armontrout,* 61 Fed. Appx. 985 (8th  Cir. 2003).

     The pending Petition is deemed "successive" because the Court has already decided two habeas petitions challenging Mr. Davis's 1988 conviction of murder in the first degree.  There is nothing in the record to indicate that Mr. Davis sought and received authorization from the United

States Court of Appeals for the Eighth Circuit before filing this successive petition.  He must apply for, and receive, permission from the Court of Appeals for the Eighth Circuit before filing any habeas corpus petition that challenges his 1988 conviction, even if he seeks to raise claims that he has never before raised - new claims that the Court has never considered. Without permission from the court of appeals, the district court cannot consider this case and dismissal of Mr. Davis's Petition is required. 28 U.S.C. § 2244(b)(1) -(3)(A).

The Court finds it does not have jurisdiction over Mr. Davis's claims. The Court recommends dismissal without prejudice so Mr. Davis may refile his Petition should the Eighth Circuit Court of Appeals grant him permission to proceed.

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the <u>Rules Governing Section 2254 Cases in the United States District Courts</u>, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue  a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, there is no basis for the Court to issue a certificate of appealability. As such, no certificate of appealability should be issued.

## V.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Mr. Davis's § 2254 Petition (Doc. No. 2) be DISMISSED without prejudice and the

requested relief be DENIED.

2.      A certificate of appealability should not be issued.

3.      All other pending motions be DENIED as moot.

DATED this 5th day of March, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE